JOSEPH CHIAPELLA *v.* THOMAS BROWN.

A witness may be permitted to refer to accounts or memoranda made by himself to refresh his memory.

Where by due diligence it might have been discovered that a witness in the case, who had been examined on his *voir dire* and had testified that he had no interest, was security for the costs, a new trial will not be granted on the ground of such discovery being made after the trial.

The Act of Congress declaring the Mississippi river to be a common highway, free to all citizens of the United States, was not intended to interfere with the right of the State to create and regulate ferries.

A party who was present at the public sale of a ferry and bid against the purchaser, is estopped from asserting that he had an unexpired lease to the same ferry, and that it had not been properly advertised.

Damages may be recovered for an injury to a right of keeping a ferry committed by one who crosses passengers gratuitously, but receives compensation in whole or in part by keeping the horses of those crossing.

APPEAL from the District Court of the Parish of Iberville, *Wilson,* Judge of the Eighth District, presiding. *Marcat & Deblieux,* for plaintiff. *W. J. Hamilton,* for defendant and appellant.

MERRICK, C. J. The plaintiff having purchased the right to keep a ferry across the Mississississippi at the town of Plaquemine, for one year, brings the present suit against the defendant for a violation of his franchise.

There was a verdict and judgment in favor of plaintiff, and the defendant appeals.

Our attention is called to two bills of exception.

The plaintiff finding that the defendant (who had been a former lessee of the ferry,) was in the habit of accommodating numerous persons, by setting them over the Mississippi with his skiff, &c., engaged the witness to keep an account of the numbers crossing on defendant's boats.

This account was made out by the witness, the plaintiff calling on him once or twice a week, and giving him an account of the " crossings." But the witness knew of his own knowledge that two-thirds of the crossings charged in the book were correct. The Judge permitted the witness to refer to the book to refresh his memory, and defendant excepted.

We see no error in this ruling of the lower court. The account was made out by witness, and as to two-thirds of the entries he had personal knowledge. In the cases in 6 L. R. 77 and 12 An. 58, the accounts or memoranda were not kept or made by the witness. See 1 Greenleaf, 436.

The other bill of exception was to the refusal of the Judge to grant a new trial. One of the principal witnesses, *Achille Landry*, it seems was interrogated on his *voir dire* as to his interest, and on answering that he had no interest in the event of the suit, directly or indirectly, he was sworn without objection. The petition has endorsed upon it

" I am good for all costs—ACHILLE LANDRY."

The ground claimed for a new trial is, " that since the trial of the cause the defendant has discovered and ascertained that said *Landry* was at the time he was so sworn to testify touching his interest in the event of the suit, responsible in a written obligation over his own signature for all costs of said suit, which fact rendered him incompetent as a witness."

If it be conceded that after a party has examined a witness upon his *voir dire* in order to show interest, he may resort to evidence *aliunde* to show the same fact, (which we do not now undertake to decide,) still the new trial was properly refused. 1 Greenleaf's Ev. sec. 423. For, it must be manifest, that if the surety for costs indorsed upon the petition was the same as the witness sworn, there was a want of diligence in not calling the attention of the witness to the indorsement upon the petition. It is rarely if ever the case that new trials are granted on newly discovered evidence, in order to impeach a witness, much less ought they to be granted where there is an entire want of diligence, and, after all, on a further examination, the interest may be shown not to exist, or may be removed. See *Voisin* v. *Jewell*, 9 L. R. 112.

On the merits it is contended, that under the Act of Congress, 20th Feb. 1811, the Mississippi river is a navigable stream and a common highway forever, free as well to the inhabitants of the State as to other citizens of the United States; and that the defendant has a right not only to navigate the river up and down, but across the same.

In our opinion the Act of Congress was not intended to interfere with the right of the State to create and regulate ferries.

The only mode in which the public can be suitably accommodated upon the great lines of travel and public highways, is by creating a franchise and making it the interest and duty of some person to keep the roads on the bank of the river in order, and to be ready with suitable ferryboats and other conveniences for crossing. At some points on great routes these ferries are as necessary to the

public at large and the citizens of other States as are some of the smaller navigable streams which are protected by the Act of Congress.

On the other questions raised by defendant's counsel, without analyzing the ordinances of the Police Jury and referring to the numerous Acts of the Legislature in this opinion, it is sufficient for us to say, that in our opinion the Act of 1855, p. 367, did not repeal the ordinances passed prior to that time establishing a ferry across the Mississippi river. See *Holmes* v. *Wiltz*, 11 An. 439.

The sale by the Parish Treasurer, instead of the President of the Police Jury may be in itself such an informality as would enable the Police Jury to rescind the sale of the ferry to plaintiff. But they hold his obligations for the same and have power to ratify the sale and have put the plaintiff in possession of the franchise. The defendant cannot, therefore, inquire into the regularity of the sale, especially as he was present at the same and bid against the plaintiff.

And for the same reason he is estopped from asserting that he held an unexpired lease of the same ferry, or that it had not been properly advertised. *McMasters* v. *Commissioners Atchafalaya Railroad Co.* 1 An. 11.

It is true that the ordinance under which plaintiff holds the ferry declares, that if the adjudication be not paid quarterly that the license shall be *ipso facto* forfeited. But this provision of the ordinance does not compel the Police Jury to enter upon the franchise and oust the plaintiff, if they are of the opinion that the present lease is more advantageous to them than any other they can make. The provision is in favor of the Police Jury, and they may waive it.

The case was tried by a jury. They heard the witnesses, and if they were of the opinion that the defendant maintained within the limits granted to plaintiff a ferry gratuitously, in order to injure the plaintiff and lessen the value of the franchise purchased by plaintiff, or if they were of the opinion that the defendant received a compensation in whole or in part from the charges he made for keeping the horses of those crossing, then the testimony is ample to maintain the verdict. And there is testimony in the record from which one at least of the above facts may be inferred. The privilege of crossing one's friends cannot extend to a whole community.

Judgment affirmed.